DOUGLAS W. STERN (BAR NO. 82973)
**FULBRIGHT & JAWORSKI L.L.P.**
555 South Flower Street
Forty-First Floor
Los Angeles, CA  90071
Telephone:  (213) 892-9200
Facsimile:  (213) 892-9494
dstern@fulbright.com

Attorneys for Cirrus Exploratory Sites, L.P.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRRUS EXPLORATORY SITES, L.P., a Texas limited partnership,<br><br>  Plaintiff,<br><br>  v.<br><br>FIRST AMERICAN CORPORATION, a California corporation, dba FIRST AMERICAN TITLE INSURANCE COMPANY; HORTON-SHIPNUCK LIVING TRUST under agreement dated July 18, 2000, a California trust, DAVID E. SHIPNUCK, trustee, of the HORTON-SHIPNUCK LIVING TRUST; LESLIE K. SHIPNUCK, an individual; and Does 1 through 25, inclusive,<br><br>  Defendants. | Civil Action No.  3:07-cv-6459<br><br>**JOINT CASE MANAGEMENT REPORT SUBMITTED BY PLAINTIFF CIRRUS EXPLORATORY SERVICE SITES, L.P. AND DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY**<br><br>**DATE:  APRIL 3, 2008<br>TIME:  2:30 PM<br>COURTROOM OF THE<br>HON. PHYLLIS HAMILTON** |

Pursuant to this Court's "Standing Order for All Judges of the Northern District—Contents of Joint Case Management Statement" Plaintiff and Defendant First American Title Company submit the following Joint Case Management Report.

## I.

## JURISDICTION AND SERVICE

This Court has jurisdiction due to the diversity of citizenship of the parties. Plaintiff is a Texas limited partnership with its principal place of business located in Dallas Texas. Defendant First American Corporation dba First American Title Insurance Company is a California corporation with its place of business located in Orange County, California. Defendant Horton-Shipnuck Living Trust is believed to be a California trust with its principal place of business in Sonoma County with Defendant David Shipnuck, trustee, residing in Monterey County California. Defendant Leslie K. Shipnuck is believed to reside in Alameda County, California. The parties are not aware of any issues relating to personal jurisdiction or venue. All Defendants have been served.

## II.

## FACTS

This lawsuit arises out of a real estate transaction that never closed. Ultimately, Cirrus Exploratory Sites, L.P. sought to become an assignee of the purchaser of the real estate. It notified the escrow company and the sellers of the conditions upon which it would become an assignee purchaser. However, those conditions were never met, and it never became an assignee of the real estate purchase. However, Plaintiff while attempting to become the assignee/purchaser delivered $212,500 to the escrow company, First American Title. That money remains in the hands of First American Title. Plaintiff seeks to obtain the return of its $212,500 deposit, plus accrued interest. (The title company has agree to make that payment, and settlement documents were prepared and executed to cause that result.)

Plaintiff is not aware of there being any factual dispute with regard to this matter, and does not presently understand the position of the Seller Defendants, Leslie Shipnuck and the Horton-Shipnuck Living Trust, David Shipnuck trustee.

Their attorney had represented that they would sign the documentation to return Plaintiff's deposit to Plaintiff, but for reasons unknown, they have failed to sign the documentation. (See Stern Declaration.)

## III.
## LEGAL ISSUES

Plaintiff and First American Title Company are not aware of any disputed legal issues that arise in this case.

## IV.
## MOTIONS

No prior motions have been filed. Plaintiff and Defendant First American Title Company had understood that a settlement had been achieved. However, the Seller Defendants have not executed the documentation, and thus Plaintiff anticipates a Motion for Summary Judgment will be filed to obtain judgment that Plaintiff is entitled to the return of its deposit of $212,500, plus accrued interest.

## V.
## AMENDMENT OF PLEADINGS

At the present time it is not anticipated that it is necessary to amend the complaint. Although on March 25, 2008 a document was filed by attorney John A. Kelly purporting to be an Answer for certain Defendants, it is not in conformity with the Federal Rules, and thus the Court may order John Kelly to file a proper Answer on behalf of the parties he represents.

## VI.
## EVIDENCE PRESERVATION

It does not appear that there are any steps that must be taken to preserve evidence relevant to the issues in this case.

## VII.
## DISCLOSURES

Because of the history of this case, which involved the Seller Defendants offering a settlement which was accepted by the other parties, the disclosures required by Federal Rule 26 were not initially made.  Plaintiff's counsel demanded a meet and confer (see Declaration of Douglas W. Stern) to comply with Rule 26, but no such meeting took place.  Plaintiff's counsel has made its Rule 26 written disclosures on March 26, 2008.  In particular, the documents disclosable by Plaintiffs are the documents attached to the Complaint.  The witness are Donald C. Wilson, Cirrus Exploratory Sites, L.P., W.L. Hutchison, Jr. Cirrus Exploratory Sites, Elizabeth G. Frazier, David E. Shipnuck, Leslie K. Shipnuck William R. Creasey, and Denise Mucci, First American Title and John A. Kelly.

## VIII.
## DISCOVERY

No discovery has taken place to date.  Plaintiff believes that a motion for summary judgment can be filed and that it may not be necessary to engage in any substantial discovery.  There is no need to modify the Rules.

## IX.
## CLASS ACTIONS

Not applicable.

## X.
## RELATED CASES

None.

## XI.
## RELIEF

Plaintiff seeks the return of its deposit of $212,500, plus accrued interest. The funds are held by First American Title.  A declaratory judgment should be sufficient.

## XII.
## SETTLEMENT AND ADR

Plaintiff and Defendant First American Title Company had believed that the matter was settled with the Seller Defendant based on the representation of the Seller Defendants' attorney that they were signing the Settlement Agreement. (See Declaration of Douglas W. Stern). However, notwithstanding the representations, no completed settlement has been achieved. At this point in time Plaintiff cannot predict whether a settlement will be achieved. No ADR is necessary, as no issues have arisen since the Seller Defendants indicated that the settlement they were offering is the settlement which has been documented.

## XIII.
## CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Due to the fact that counsel Seller Defendants did not conduct a Rule 26 of the other parties, it is not known whether or not there would be consent to a Magistrate Judge for all purposes.

## XIV.
## OTHER REFERENCES

It is not appropriate to refer this matter out for any purpose.

## XV.
## NARROWING OF ISSUES

There do not appear to be any issues, and hence it does not appear that there can be any narrowing of the issues.

## XVI.
## EXPEDITED SCHEDULE

This case should be handled on the most expeditious schedule possible. This matter could be tried within weeks, subject only to the availability of the parties, witnesses and counsel.

## XVII.
## SCHEDULING

Plaintiff and First American Title Company propose the following schedule:

1. Discovery cut-off including discovery of experts – June 30, 2008.
2. Designation of expert – June 1, 2008.
3. Hearing of dispositive motions – on or before August 1, 2008.
4. Pretrial Conference (if needed) – August 11, 2008.
5. Trial – End of August 2008.

## XVIII.
## TRIAL

The case will be a non jury trial. Estimated duration 4 hours.

## XIX.
## DISCLOSURE OF NON-PARTY INTERESTED ENTITY

Persons - None.

## XX.
## OTHER MATTERS

None.

Dated:     March 27, 2008         DOUGLAS W. STERN
                                  **FULBRIGHT & JAWORSKI L.L.P.**

                                  By _____
                                     DOUGLAS W. STERN
                                  Attorneys for Plaintiff Cirrus Exploratory
                                  Sites, L.P.

Dated: March 27, 2008

BENJAMIN R. EHRHART
**STEYER LOWENTHAL BOODROOKAS ALVAREZ & SMITH LLP**

By *[signature: Benj. R. Ehrt]*
BENJAMIN R. EHRHART
Attorneys for Defendant First American Corporation

DOCUMENT PREPARED ON RECYCLED PAPER

# PROOF OF SERVICE

I, Martha Delgado, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Forty-First Floor, Los Angeles, California 90071. On March 27, 2008, I served a copy of the within document(s):

**JOINT CASE MANAGEMENT REPORT SUBMITTED BY PLAINTIFF CIRRUS EXPLORATORY SERVICE SITES, L.P. AND DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by transmitting via e-mail the document(s) listed above to the e-mail address(es) set forth below on this date before 5:00 p.m.

| | |
|---|---|
| John A. Kelly, Esq.<br>The Law Offices of John A. Kelly<br>414 First Street East, Suite 7<br>Sonoma, CA 95476 | Benjamin R. Ehrhart, Esq.<br>Steyer Lowenthal Boodrookas Alvarez & Smith LLP<br>One California Street, Third Floor<br>San Francisco, CA 94111 |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 27, 2008, at Los Angeles, California.

*/s/ Martha Delgado*
Martha Delgado

70268260.1

- 0 -