| | |
|---|---|
| 1 | DOUGLAS W. STERN (BAR NO. 82973) |
| 2 | **FULBRIGHT & JAWORSKI L.L.P.**<br>555 South Flower Street |
| 3 | Forty-First Floor<br>Los Angeles, CA  90071 |
| 4 | Telephone:  (213) 892-9200<br>Facsimile:  (213) 892-9494 |
| 5 | dstern@fulbright.com |
| 6 | Attorneys for Cirrus Exploratory Sites, L.P. |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CIRRUS EXPLORATORY SITES, L.P., a Texas limited partnership, | ) ) ) | Civil Action No.  3:07-cv-6459 |
| Plaintiff, | ) ) | **DECLARATION OF DOUGLAS W. STERN WITH RESPECT TO:** |
| v. | ) ) | |
| FIRST AMERICAN CORPORATION, a California corporation, dba FIRST AMERICAN TITLE INSURANCE COMPANY; HORTON-SHIPNUCK LIVING TRUST under agreement dated July 18, 2000, a California trust, DAVID E. SHIPNUCK, trustee, of the HORTON-SHIPNUCK LIVING TRUST; LESLIE K. SHIPNUCK, an individual; and Does 1 through 25, inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) | **(1) CASE MANAGEMENT CONFERENCE AND**<br>**(2) RULE 26 DISCLOSURES**<br><br>**DATE:  APRIL 3, 2008**<br>**TIME:  2:30 PM**<br>**COURTROOM OF THE HON. PHYLLIS HAMILTON** |
| Defendants. | ) ) | |

I, Douglas W. Stern, Esq. say and declare as follows:

1.     I am an attorney at law licensed to practice in the State of California.  I am a partner in the law firm of Fulbright & Jaworski LLP.  I make this declaration to advise the Court with respect to the status of this matter for the Case Management Conference.  On behalf of Plaintiff Cirrus Exploratory Sites, L.P. ("Cirrus"), I made the Rule 26 disclosures on March 26, 2008.

2. This action was initiated on December 26, 2007 by the filing of a Complaint for Declaratory Relief, Conversion, and Money Had and Received. This lawsuit arises out of a real estate transaction. Plaintiff Cirrus sought to become the assignee purchaser of real estate. The sellers of the real property are defendants Horton-Shipnuck Living Trust and Leslie Shipnuck. The escrow holder is First American Title Company. In attempting to become the assingee-purchaser, Cirrus deposited $212,500 with First American. However, the assignment was never completed. Cirrus seeks the refund of its $212,500 deposit, plus accrued interest.

3. All of the defendants were promptly served with the Complaint in January 2008.

4. On or about January 17, 2008 I was contacted by Benjamin Ehrhart, counsel for Defendant First American Title. At that time he proposed to interplead the $212,500 amount held by his client. I suggested to him that he delay taking that action until the Seller Defendants had responded indicating whether or not they were making a claim to the money. I made this suggestion as I had never seen anything that suggested that they claimed entitlement to the funds. We therefore agreed that it would be most efficient, cost effective, and least burdensome on the Court if he did not file his responsive pleading interpleading the money at that time.

5. In late January, 2008 I received a letter from attorney John Kelly, representing the Seller Defendants, Leslie Shipnuck, and the Horton-Shipnuck Living Trust, David Shipnuck Trustee, requesting an extension of time until February 8, 2008 to plead. I granted that request.

6. On February 8, 2008, the date that a responsive pleading was due from the Seller Defendants, I received a telephone call from John Kelly. At that time he offered to settle the entire lawsuit by having the full $212,500, plus accrued interest, paid to Plaintiff Cirrus. This appeared to resolve the matter, subject to proper documentation, escrow instructions and a stipulation of dismissal being drafted and signed.

7. I communicated the settlement offer to my client, as well as to counsel for Defendant First America Title. The settlement appeared to resolve all issues between the plaintiff, the Seller Defendants, and First American Title.

8. On February 22, 2008 I submitted to both John Kelly, counsel for the Seller Defendants and Benjamin Ehrhart, counsel for First American Title the proposed Settlement Agreement. It provided that the $212,500 paid by Cirrus would be returned to it plus accrued interest. There was a blank left in the form of agreement to insert the amount of the accrued interest. (Cover letter, Exhibit 1.)

9. Shortly after the settlement agreement was delivered to everyone, Benjamin Ehrhart, counsel for First American Title, advised me that prior to my client's involvement in the underlying transaction, a $25,000 deposit had been made by a predecessor purchaser of the real property. That $25,000 deposit remained in his client's possession.

10. Since Plaintiff Cirrus had not paid that money into the escrow company, and was not making a claim to those funds, I modified the settlement agreement to make it clear that the $25,000 payment made by a third party was not to be paid to the Plaintiff Cirrus, and that the Plaintiff Cirrus made no claim to those funds. That modification was emailed to John Kelly and Benjamin Ehrhart on February 26, 2008.

11. Benjamin Ehrhart, counsel for the escrow company provided me the amount of the accrued interest to insert in the Settlement Agreement, and thus on March 4, 2008 I made another minor modification to the Settlement Agreement by inserting the amount of the accrued interest in place of what had been a blank in the Settlement Agreement that had been circulated to the parties. I provided all of the parties that revised Settlement Agreement on March 4, 2008, both via email and Federal Express.

12. On March 5, 2008 I again supplied via email the Settlement Agreement for signature to John Kelly and Benjamin Ehrhart. (Exhibit 2.)

13. As part of the settlement, Benjamin Ehrhart prepared standard cancellation instructions for the escrow, which he provided to all the parties on March 5, 2008 via email. I also provided all counsel a standard Stipulation to Dismiss Case to be executed by all attorneys as well.

14. On March 10, 2008 I received an email from Benjamin Ehrhart advising me that he was having his client, First American Title, sign three copies of the Settlement Agreement, one for each of the sides involved in the transaction.

15. On March 11, 2008, having made a number of telephone calls to John Kelly and never having received a reply, and having heard nothing from him for weeks, I sent a letter to him. A true and correct copy is attached hereto as Exhibit 3. In that letter I pointed out to him that we had reached a settlement weeks earlier and that I had submitted the documentation to him and that nothing had been returned to me.

16. Also in my March 11, 2008 letter, I specifically pointed out to him that we were required to meet and confer pursuant to Federal Rule 26 on or before March 13, 2008 and were required to file a Rule 26 Report and attend the April 3, 2008 initial Case Management Conference. I told him that his failure to complete the settlement forced us to give him notice that he must immediately file his answer and that we needed to conduct our Rule 26 conference on Thursday, March 13, 2008. Nonetheless, no such conference took place, and John Kelly has made no effort that I am aware of to comply with Rule 26, or this Court's Order.

17. On March 11, 2008, Benjamin Ehrhart returned to me the executed Settlement Agreement and Release, along with the Stipulation for Dismissal so that we could effectuate the settlement. (Exhibit 4.) Also on March 11, 2008 I sent to John Kelly and Benjamin Ehrhart copies of the executed Settlement Agreement and cancellation instructions which my client had executed.

18. On March 12, 2008, in response to my email sending the executed Settlement Agreement and cancellation instructions to both John Kelly and Benjamin Ehrhart, I received an email from John Kelly which read as follows:

> "Dear Mr. Stern,
>
> I am waiting on signed agreements from my clients.
>
> Very truly yours,
>
> John A. Kelly"

(A true and correct copy of the March 12, 2008 email is attached hereto as Exhibit 5.)

19. On March 12, 2008 I responded to John Kelly's email thanking him and asking that he forward the executed Settlement Agreement, cancellation instructions and dismissal to me for filing with the Court as soon as possible.

20. I never received any further word from John Kelly, so on March 18, 2008 I sent him an email indicating that I was not willing to wait any longer and advising him that I would be filing a Request to Enter a Default against his clients unless the matter was brought to a conclusion.

21. In response I received an email, a true and correct copy of which is attached hereto as Exhibit 6. Contrary to his representation of a week earlier that his clients would be in to sign the agreement, John Kelly, for the first time claimed that the settlement had now become "hideously time consuming via counter offers and modifications." In fact, there were no counter offers or modifications. The only "changes" that had taken place was the insertion of the amount of interest to be paid by First American Title where a blank had initially been included, and the insertion of a paragraph making it clear that Plaintiff Cirrus was not claiming the $25,000 additional funds which are held by the escrow company.

22. Although his email made no sense, he did indicate that "the matter continues to be wound up expeditiously." He assured me that "this will have no

impact on the completion of the Settlement Agreement, which will proceed with all deliberate speed."

23. I responded to his March 18, 2008 email by asking if he could tell me when all the signed documents would be completed. On March 18, 2008 John Kelly responded to my question indicating that he did not know when his clients would execute the settlement documents.

24. When, by March 24, 2008 I had still received nothing from John Kelly, I telephoned him and emailed him advising him that he either had to deliver the executed settlement documents, or file an answer on behalf of his clients by close of business March 26, 2008. It was my hope that, given his promises, his clients would sign the settlement agreement and conclude the matter. However, instead I received an "Answer" on behalf of some of his clients, on March 25, 2008.

25. Because this matter appeared to be settling since early February, the effort by Plaintiff Cirrus was focused upon resolution of this case.

26. When it became clear with the filing of the Answer on March 25, 2008, that the matter will proceed, I immediately prepared my Rule 26 disclosure and served them on the other attorneys, and prepared the Joint Report for this Court.

27. I believe that this matter can be tried as soon as the Court can schedule it for trial.

I am personally aware of the foregoing facts, and if called to testify I would and could testify competently there.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration is executed this 27th day of March, 2008 in Los Angeles, California.

_____
Douglas W. Stern

# FULBRIGHT & JAWORSKI L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
555 SOUTH FLOWER STREET
FORTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071
WWW.FULBRIGHT.COM

DSTERN@FULBRIGHT.COM  
DIRECT DIAL: (213) 892-9202

TELEPHONE: (213) 892-9200  
FACSIMILE: (213) 892-9494

February 22, 2008

John A. Kelly, Esq.  
The Law Offices of John A. Kelly  
414 First Street East, Suite 7  
Sonoma, CA 95476

Benjamin R. Ehrhart, Esq.  
Steyer Lowenthal Boodrookas Alvarez & Smith LLP  
One California Street, Third Floor  
San Francisco, CA 94111

Re: Cirrus Exploratory Sites, L.P. vs. First American Corporation, et al.
U.S. District Court, Northern District of California Case No. CV 076459 PJH

Dear Counsel:

Enclosed is our proposed Settlement Agreement. Please note that the two exhibits referred to will be submitted separately. They are the Stipulation for Dismissal, which we shall draft, and the Escrow Company's Escrow Instructions, which will be supplied by counsel for First American Title. Please carefully review the Settlement Agreement and let me know whether or not it is acceptable.

Very truly yours,

Douglas W. Stern

DWS/mld

Cc: Dana Campbell, Esq.
    Michael Smooke, Esq.

**Exhibit 1**

70237084.1

AUSTIN • BEIJING • DALLAS • DENVER • DUBAI • HONG KONG • HOUSTON • LONDON • LOS ANGELES • MINNEAPOLIS
MUNICH • NEW YORK • RIYADH • SAN ANTONIO • ST. LOUIS • WASHINGTON DC

# Fulbright & Jaworski l.l.p.

A Registered Limited Liability Partnership
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
www.fulbright.com

dstern@fulbright.com　　　　　　　　　　　　　　　　　　telephone:　(213) 892-9200
direct dial: (213) 892-9202　　　　　　　　　　　　　　　facsimile:　(213) 892-9494

March 5, 2008

*Via e-mail*

John A. Kelly, Esq.
The Law Offices of John A. Kelly
414 First Street East, Suite 7
Sonoma, CA  95476

Benjamin R. Ehrhart, Esq.
Steyer Lowenthal Boodrookas Alvarez & Smith LLP
One California Street, Third Floor
San Francisco, CA  94111

　　　　Re:　Cirrus Exploratory Sites, L.P. vs. First American Corporation, et al.
　　　　　　U.S. District Court, Northern District of California Case No. CV 076459 PJH

Dear Counsel:

　　　Enclosed is latest version of our proposed Settlement Agreement, modified in paragraph 2 to include the interest information as requested by First American Title Insurance Company as well as the Stipulation.  Please have your clients execute it and return both the Settlement Agreement and Stipulation.

　　　　　　　　　　　　　　　　　　　　Very truly yours,


　　　　　　　　　　　　　　　　　　　　Douglas W. Stern

DWS/mld

cc:　　Dana Campbell, Esq.
　　　Michael Smooke, Esq.

**Exhibit 2**

# FULBRIGHT & JAWORSKI L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
555 SOUTH FLOWER STREET
FORTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071
WWW.FULBRIGHT.COM

DSTERN@FULBRIGHT.COM                                    TELEPHONE:   (213) 892-9200
DIRECT DIAL: (213) 892-9202                             FACSIMILE:   (213) 892-9494

March 11, 2008

**VIA FACSIMILE AND E-MAIL**

John A. Kelly, Esq.
The Law Offices of John A. Kelly
414 First Street East, Suite 7
Sonoma, CA 95476

    Re:    Cirrus Exploratory Sites, L.P. vs. First American Corporation, et al.
              U.S. District Court, Northern District of California Case No. CV 076459 PJH

Dear Counsel:

    My patience is at an end. I assume the Court's is as well. You and I had reached a settlement many weeks ago, and I provided you the documentation. Nothing has been delivered back to me. We now must meet and confer pursuant to our Federal Rule 26 requirements on or before March 13, 2008. Also, we have to file a Rule 26 Report, and attend the April 3, 2008 Initial Case Management Conference.

    Your failure to complete the settlement has forced me to give you this notice that you <u>must immediately file your Answer or deliver to me the fully executed Settlement Agreement with all the related documentation</u>. Absent immediate receipt of all that documentation, I expect that we will conduct our Rule 26 conference on Thursday, March 13, 2008. I shall plan on telephoning you at approximately 10 a.m. to conduct that meeting.

    Obviously, I would much prefer to receive the fully executed Settlement Agreement and related documentation, but I have no faith that you will take the 10 minutes necessary to conclude this matter.

    Please call me immediately if you have any questions.

                                           Very truly yours,

                                           Douglas W. Stern

cc:    Benjamin R. Ehrhart, Esq.                           **Exhibit 3**

March 11, 2008

*By Email & U.S. Mail:*

Mr. Douglas W. Stern
Fulbright & Jaworski, LLP
555 South Flower Street, 41st Floor
Los Angeles, CA 90071
email: dstern@fulbright.com

Mr. John A. Kelly
Law Offices of John A. Kelly
414 First Street East, Suite 7
Sonoma, CA 95476
email: john@law-kelly.com

Re:   Cirrus Exploratory Sites, L.P. vs. First American Corporation, et al.
      U.S. District Court, Northern California Case No. CV 076459 PJH

Dear Counsel:

Enclosed is a signed Settlement Agreement and Release and signed Stipulation for Dismissal. I am sending each of you an original.

I also enclosed the Cancellation Instructions for your respective client's signature. Please send an original to me. Once I have both parties signature I will send the originals to my client and the funds will be released. I will also send each of you a copy. Doug, please send me the $15.00 wiring fee and your client's bank's instructions.

Very truly yours,

Benjamin R. Ehrhart

BRE

Encl

S:\F\Cirrus\Correspondence\stern.kelly.03.11.08.wpd

**Stern, Douglas**

**From:** John Kelly [mailto:john@law-kelly.com]
**Sent:** Wednesday, March 12, 2008 12:08 PM
**To:** Stern, Douglas
**Subject:** Re:

Dear Mr. Stern-

I am waiting on signed agreements from my clients.

Very Truly Yours,

John A. Kelly

On 3/11/08, **Stern, Douglas** <dstern@fulbright.com> wrote:
> Ben and John,
>
> Attached are the executed Settlement Agreement and Cancellation Instructions.  Ben has provided me the executed Settlement Agreement and the executed Stipulation of Dismissal.
>
> John, please forward to both Ben and myself the executed Settlement Agreement, Cancellation Instructions, and Stipulation of Dismissal.
>
> Douglas W. Stern
> Fulbright & Jaworski L.L.P.
> 555 South Flower Street
> Forty-First Floor
> Los Angeles, CA 90071
> Tel:  (213) 892-9202
> Fax: (213) 892-9494
> dstern@fulbright.com
>
> This email message and any attachments are for the sole use of the intended recipient(s) and contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.  To reply to our email administrator directly, send an email to postmaster@fulbright.com



_____                                                                **Exhibit 5**

## Stern, Douglas

**From:** John Kelly [mailto:john@law-kelly.com]
**Sent:** Tuesday, March 18, 2008 11:21 AM
**To:** Stern, Douglas
**Subject:** Re: Cirrus lawsuit

Mr. Stern:

I quote your email of *February 26, 2008*, in reference to your *revised* settlement agreement, in order to demonstrate that your clients' unnecessarily complicated resolution of this case has made what was a relatively simple offer by the Shipnucks (instructions to release *all* funds in exchange for a dismissal with prejudice) hideously time consuming via counteroffers and modifications.

The goodwill of the Shipnucks has put this case in a settlement posture, and the matter continues to be wound up expeditiously. I, and the Shipnucks, do not appreciate tantrums via email from those who are obfuscating the simple and concealing the obvious.

Should you be so rash as to act pursuant to your email of today, I will, of course, bring a motion to set aside the default. This will have no impact on the completion of the settlement agreement, which will proceed with all deliberate speed. Further, I will have zero difficulty in explaining to Judge Hamilton how this situation came about when I bring the motion to set aside, given the tone and character of your communications. At this point, you are threatening to impede settlement of this matter, *not encouraging it*. With all due respect, *pipe down.*

---

Gentlemen,

I am sending each of you a revised settlement agreement. The only change from the draft previously circulated is the addition of a paragraph to the introduction, and a new paragraph 2. The purpose of these changes was to recognize the fact that $25,000 had been paid into escrow by the original buyer. Our settlement does not address the disposition of that payment (other than to indicate that it Cirrus makes no claim to those funds), and thus the additional language was added.

Please let me know if there is any need to make any other revisions.

---                                                                    **Exhibit 6**

On 3/18/08, **Stern, Douglas** <dstern@fulbright.com> wrote:
> Mr. Kelly,
>
> I have been most patient in waiting for your clients to complete the settlement. I have made it clear, however, that my patience is at an end. Since I and First American Title

have not received the signed settlement agreement and related documents, and only received a call stating that your clients were coming into your office last week to sign, but now learn that this has not happened, I am unwilling to wait any longer. I gave you every professional courtesy.

**I will now be filing a request to enter default against your clients.**  You leave me no choice.

Douglas W. Stern
Fulbright & Jaworski L.L.P.
555 South Flower Street
Forty-First Floor
Los Angeles, CA 90071
Tel:  (213) 892-9202
Fax: (213) 892-9494
dstern@fulbright.com

This email message and any attachments are for the sole use of the intended recipient(s) and contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.  To reply to our email administrator directly, send an email to postmaster@fulbright.com



_____

# PROOF OF SERVICE

I, Martha Delgado, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Forty-First Floor, Los Angeles, California 90071. On March 27, 2008, I served a copy of the within document(s):

**DECLARATION OF DOUGLAS W. STERN WITH RESPECT TO: (1) CASE MANAGEMENT CONFERENCE AND (2) RULE 26 DISCLOSURES**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☒ by transmitting via e-mail the document(s) listed above to the e-mail address(es) set forth below on this date before 5:00 p.m.

| | |
|---|---|
| John A. Kelly, Esq.<br>The Law Offices of John A. Kelly<br>414 First Street East, Suite 7<br>Sonoma, CA 95476<br>john@law-kelly.com | Benjamin R. Ehrhart, Esq.<br>Steyer Lowenthal Boodrookas Alvarez & Smith LLP<br>One California Street, Third Floor<br>San Francisco, CA 94111<br>behrhart@steyerlaw.com |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 27, 2008, at Los Angeles, California.

_____
Martha Delgado

70268260.1

- 0 -